OPINION
{¶ 1} Aubrey Gilbert, a minor child, appeals the December 20, 2001 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, which adjudicated him a delinquent child. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 1, 2001, Jeremiah Niece, a food delivery man, delivered a food order to an apartment on Walnut Avenue in Canton, Ohio. When he arrived, he was directed to a lighted area at the rear of the building where two young black males were waiting. After some conversation and confusion over who would pay for the food, one of the individuals approached Mr. Niece and struck him repeatedly in the face. The impact knocked Mr. Niece's glasses to the ground and cracked one of the lenses. The assailant then demanded Mr. Niece's money. Mr. Niece told his assailant there was money in his pocket. The assailant took the money from Mr. Niece's pocket and fled on foot with the money and the food.
 {¶ 3} Mr. Niece got back into his car and drove until he was able to flag down a police officer. Mr. Niece gave the police a description of the two males involved in the assault. The police interviewed people at the scene and the occupants of the apartment complex who had supposedly ordered the food. The police obtained a photograph of the occupant, a black male, and showed it to the victim. When Mr. Niece indicated the occupant was not the assailant the police concluded the occupant had not placed the food order.
 {¶ 4} Mr. Neice went through large mug shot books at the police station and viewed two separate photo arrays compiled by detectives. After reviewing all of these photographs, Mr. Niece stated none of the individuals contained in the photos was his assailant.
 {¶ 5} After appellant's probation officer received a tip from appellant's mother, the police prepared a new photo array with appellant's photograph. The victim identified appellant's picture without hesitation. The victim also identified appellant at trial and stated he was certain of this identification.
 {¶ 6} Because appellant was a juvenile, the matter proceeded to trial before a magistrate in the Juvenile Division of the Stark County Court of Common Pleas. At the close of the trial, the magistrate found the robbery complaint to be true, found the State had sustained its burden, and found appellant to be delinquent by reason of robbery. The magistrate journalized her findings on December 7, 2001, and the journalization was sent to the trial court judge for review and approval. A disposition was set for December 14, 2001, and at that time, the magistrate found the juvenile should be committed to the Department of Youth Services for a minimum of one year up to the age of 21. This Entry was approved by the trial court judge on January 2, 2002.
 {¶ 7} It is from this judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 {¶ 8} "I. THE TRIAL COURT'S ADJUDICATION OF "TRUE" ON THE DELINQUENCY COMPLAINT OF ROBBERY FILED AGAINST APPELLANT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I. {¶ 9} Initially, we note appellant did not file any objection to the magistrate's decision.
 {¶ 10} Juv. R. 40(E) controls decisions by a magistrate in juvenile cases. The rule provides, in relevant part:
 {¶ 11} "(E) Decisions in referred matters
 {¶ 12} "* * *
 {¶ 13} "(3) Objections
 {¶ 14} "(a) Time for filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the decision. * * *
 {¶ 15} "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may only object to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule. * * *" (Emphasis added).
 {¶ 16} Because appellant maintains the trial court's adjudication of true was against the manifest weight and sufficiency of the evidence, appellant directly attacks both the findings of fact and conclusions of law set forth in the magistrate's decision, and later adopted by the trial court. Because appellant failed to object to these findings and/or conclusions of the magistrate, he may not now assign them as error on appeal. Juv. R. 40(E)(3)(b).
 {¶ 17} Notwithstanding this procedural rule, we have reviewed appellant's claims the victim made a faulty identification. Our review of the record indicates there was substantial, competent, credible evidence from which the trier of fact could conclude appellant was the perpetrator. We note appellant's trial counsel conducted a thorough cross examination bringing many of the same inconsistencies mentioned in appellant's brief to light before the trier of fact. Notwithstanding these inconsistencies, the magistrate found the victim "very credible" with regard to the identification. Therefore, we note, even had appellant's trial counsel properly objected to the magistrate's decision, we would find the record contains sufficient, competent, credible evidence to support appellant's adjudication of true.
 {¶ 18} The January 2, 2002 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, P.J., Wise, J. and Boggins, J. concur.
topic: Juv. R. 40 requires objections to Magistrate's decision.